CARPENTERS AND MILLWRIGHTS LOCAL UNION No. 2018, UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA (AFL-CIO), AN UNINCORPORATED ASSOCIATION, PLAINTIFF-APPELLANT, v. RIGGS-DISTLER & COMPANY, INC., A MARYLAND CORPORATION LICENSED TO DO BUSINESS IN NEW JERSEY, THOMAS PAGAN, INC., A NEW JERSEY CORPORATION, CRESCO BROTHERS, INC., A NEW JERSEY CORPORATION, THE CONDUIT AND FOUNDATION CORPORATION, A PENNSYLVANIA CORPORATION LICENSED TO DO BUSINESS IN THE STATE OF NEW JERSEY, R. E. CARRICK COMPANY, A FOREIGN CORPORATION LICENSED TO DO BUSINESS IN THE STATE OF NEW JERSEY, VIRGINIA ENGINEERING CO., INC., A FOREIGN CORPORATION LICENSED TO DO BUSINESS IN THE STATE OF NEW JERSEY, M. W. KELLOGG CO., A FOREIGN CORPORATION LICENSED TO DO BUSINESS IN THE STATE OF NEW JERSEY, AND F. H. McGRAW (&) CO., A NEW JERSEY CORPORATION, DEFENDANTS-RESPONDENTS.

Argued April 22, 1963—Decided May 6, 1963.

*Mr. Arthur A. Brennan* argued the cause for plaintiff-appellant (*Mr. Joseph P. Dunn,* attorney).

*Mr. Thomas P. Butz* argued the cause for defendants-respondents Riggs-Distler & Company, Inc., The Conduit and Foundation Corporation, Virginia Engineering Co., Inc. and M. W. Kellogg Co. (*Messrs. Haines and Schuman,* attorneys).

*Mr. Richard J. Casey* argued the cause for defendants-respondents Thomas Pagan, Inc., Cresco Brothers, Inc. and F. H. McGraw (&) Co.

*Mr. Albert B. Melnik* argued the cause for defendant-respondent R. E. Carrick Company.

The opinion of the court was delivered

PER CURIAM. Plaintiff union sued defendants-employers for unpaid wages due its members under an alleged collective bargaining agreement which fixed the wage scale. Defendants denied making the agreement, and moved for summary judgment on the ground that the court lacked jurisdiction because under the Labor Management Relations Act, 29 *U. S. C. A.* § 141 *et seq.*, the subject matter of the controversy was committed to the National Labor Relations Board. The trial court granted the motion relying on *San Diego Building Trades Council v. Garmon,* 359 *U. S.* 236, 79 *S. Ct.* 773, 3 *L. Ed. 2d* 775 (1959). 73 *N. J. Super.* 253 (1962). We certified the ensuing appeal before it was heard in the Appellate Division. *R. R.* 1:10–1(a).

In view of *Smith v. Evening News Association,* 371 *U. S.* 195, 83 *S. Ct.* 267, 9 *L. Ed. 2d* 246, decided December 10, 1962, the doctrine of *Garmon* no longer stands in the way of the exercise of concurrent jurisdiction by state courts over a cause of action alleging breach of an employer-union contract relating to wages, hours and other conditions of employment. Such jurisdiction exists under section 301 of the LMRA even though the breach of the agreement may constitute an unfair labor practice. See, also, *Local 174, Teamsters, Chauffeurs, Warehousemen & Helpers of America v. Lucas Flour Co.,* 369 *U. S.* 95, 82 *S. Ct.* 571, 7 *L. Ed. 2d* 593 (1962); *Charles Dowd Box Co. v. Courtney,* 368 *U. S.* 502, 82 *S. Ct.* 519, 7 *L. Ed. 2d* 483 (1962), where there was a denial by the employer of the making of an alleged new agreement revising the existing wage scale; and *Donnelly v. United Fruit Company, et al,* 40 *N. J.* 61 (1963).

Accordingly, the judgment is reversed and the cause is remanded for plenary trial.

*For reversal* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.